UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 6:22-po-00221-HBK |
|---|---|
| v. | AMENDED ORDER[1] GRANTING DEFENDANT'S REQUEST FOR REMOTE APPEARANCE |
| MANUEL LOPEZ-FUNEZ | |
| | (Doc. No. 13) |
| | ORDER GRANTING DEFENDANT'S REQUEST FOR RULING |
| | (Doc. No. 14) |

Pending before the Court is Defendant's request to appear by Zoom application for his change of plea and sentencing hearing on November 1, 2022 filed September 29, 2022. (Doc. No. 13). Defendant states he lives in Eureka, California and that it took him approximately ten hours to travel to the courthouse for his last hearing. (*Id*.). Defendant also cites limited financial means in his request for a remote appearance. (*Id*.). The Government does not object to the remote appearance. (*Id*.). On October 19, 2022, Defendant filed a motion requesting a ruling on his request for a remote appearance. (Doc. No. 14).

Defendant was charged with violating 36 C.F.R. § 4.23(a)(1), 36 C.F.R. § 2.35(b)(2), and 36 C.F.R. § 4.22(b)(1). (Doc. Nos. 1, 3, 4). Hinging on the defendant's consent, video

---

[1] Amended to correct scrivener's error.

conferencing may be used to conduct arraignments, please, trials and sentencing for misdemeanor offenses. Fed. R. Crim. P. 43(b)(2). As authorized by Section 15002(b)(3) of the CARES Act, on March 30, 2020, General Order No. 614 authorizes the use of video conferences for initial appearances subject to the **discretion of each judge**. On September 19, 2022, General Order 614 was extended by General Order No. 655 for an additional 90 days to expire on December 18, 2022.

The court has discretion to permit a party to appear by video teleconference. *United States v. Hiramanek*, 2017 WL 1349580, *2 (E.D. Cal. Apr. 6, 2017) (citing *United States v. Lange*, 963 F.2d 380, 380 (9th Cir. 1992) (unpublished)). While the Ninth Circuit has not set forth specific factors to consider, the Fourth and Fifth Circuits have established certain factors. *Hiramanek*, 2017 WL 1349580 at *3; *see United States v. Benavides*, 596 F.2d 137, 139-40 (5th Cir. 1979); *see also United States v. Gonzalez-Flores*, 701 F.3d 112, 119 (4th Cir. 2012) ("whether a defendant must be present in order for the proceedings to be conducted efficiently and fairly."). The following eight factors recognized by the Fifth Circuit have been considered when ruling on similar motions: in connection with a trial:

> (1) the possibility and effect of postponing the trial, (2) the potential burden on the government, (3) the possible prejudice to other defendants, (4) the possible burden on jurors, (5) the jeopardy (if any) to government witnesses, (6) the possible effect on the court's calendar, (7) the length of the absence requested, and of course (8) the relative importance of the asserted reason for the particular absence.

*United States v. Hiramanek*, 2017 WL 1349580, *2 (E.D. Cal. Apr. 6, 2017) (quoting *United States v. Meinster*, 481 F. Supp. 1112, 1116 (S.D. Fla. 1979)) (citing *Benavides*, 596 F.2d at 139-40).

While the Court is sympathetic to the lengthy travel a defendant would have to undertake to attend his court proceeding, distance alone does not justify good cause for a remote appearance. As a general matter, the Court has resumed in-person court proceedings and is not inclined to grant a remote appearances. Nonetheless, given Defendant's early request and the Court's failure to timely respond, the Court will permit Defendant to appear remotely for his change of plea and sentencing hearing on November 1, 2022.

The Court reminds all parties of the following protocols:

To participate via Zoom, you will need a device with a microphone and camera, with internet access on the same device.  Adequate lighting and sound are required for the Court to be able to see and hear you.  You are encouraged to test Zoom before the hearing and should download the app at least one day before the hearing if using a phone or tablet.  The Court will not provide technical support for Zoom participants or attendees. During the hearing, both your video and sound should be turned on (until you are told to mute yourself) and you should display your name on the video.  Each participant will speak only when called on by the Judge or the Courtroom Deputy.

Appropriate attire is mandatory for any appearance in Court.  Dress for your Zoom proceedings as if you were attending your court proceedings in the courtroom.  **Use of a virtual background is prohibited**.  You should be in quiet in door location.  There should not be any other activities going on in your location.

Accordingly, it is **ORDERED**:

1. Defendant's request to appear remotely for his for his November 1, 2022 change of plea and sentencing hearing (Doc. No. 13) is GRANTED.

2. Defendant's request for a ruling (Doc. No. 14) is GRANTED to the extent the Court has ruled on the pending motion.

Dated:   October 31, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE